NOT FOR PUBLICATION

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN FONTI et al, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH PROFESSIONALS & ALLIED EMPLOYEES, AFT/AFL-CIO, RETIREE MEDICAL TRUST et al, <br><br> Defendants. | Civil Action No. 2:13-cv-04231 (ES) (JAD) <br><br> OPINION |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by Plaintiffs, Kathleen Fonti (hereinafter "Fonti"), Anne Picogna, Adrian Rojas, Judith Freemantle, and Linda Hegarty (collectively "Plaintiffs"), for leave to file a Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (the "Motion to Amend"). (ECF No. 34). Plaintiffs' Proposed Amended Complaint, (ECF No. 43-1 at Ex. A),[1] seeks to add a claim for breach of fiduciary duty under the Labor-Management Reporting and Disclosure Act[2] against Defendant Hannah Twomey (hereinafter "Twomey") and add Defendants Joan Johnson (hereinafter "Johnson") and Christine O'Hearn (hereinafter "O'Hearn") to the original violation of the Employee Retirement Income Security Act. 29 U.C.S.A. §1104 (West 2014). (Pls.' Br.,

---

[1] (Hereinafter "Proposed Amended Complaint").
[2] 29 U.S.C. §501 (1959).

ECF No. 34-1, at 1-5). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend (ECF No. 34) is **GRANTED**.

## I. BACKGROUND

### A. The Parties

Defendant, Health Professionals & Allied Employees (hereinafter "HPAE"), is a labor organization representing healthcare professionals and allied workers. (Proposed Amend. Compl., ECF No. 43-1, at Ex. A, ¶ 6). Defendant, Health Professionals & Allied Employees AFT/AFL-CIO, Retiree Medical Trust (hereinafter "the Plan"), is a retirement plan governed under the Employee Retirement Income Security Act and adopted in October 2006 by HPAE. (Id. ¶ 8). Defendant Twomey is the President of HPAE. (Id. ¶ 9). Defendant Slott (hereinafter "Slott") is the Education and Communication Director of HPAE and a trustee of the Plan. (Id. ¶ 10). Defendant BENSERCO, Inc. (hereinafter "Plan Administrator") is a third party administrator specializing in Employee Benefit Plans. (Notice of Removal, ECF No. 1, at Ex. A, 8). Plaintiffs are all participants in the Plan and have been participants from its adoption in October of 2006. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶¶ 1-5).

### B. Procedural History

Plaintiffs filed their initial Complaint in the Superior Court of New Jersey, Bergen County Law Division on May 17, 2013. (Notice of Removal, ECF No. 1, Ex. A at 7). On June 5, 2013, Plaintiffs filed their First Amendment to the Complaint adding additional claims for breach of fiduciary duties under the Employee Retirement Income Security Act against HPAE, Twomey, and Slott. (Notice of Removal, ECF No. 1, Ex. A at 32).

Plaintiffs' initial Complaint alleges that HPAE and the Plan Administrator violated the Employee Retirement Income Security Act, 29 U.S.C.A. §§1104, 1132(c), 1022, and 1024 (West 2014),[3] by failing to disclose information about the Plan to HPAE members prior to its adoption in October of 2006. (Notice of Removal, ECF No. 1, Ex. A at 15). In their First Amended Complaint, Plaintiffs added Twomey and Slott to its claim for ERISA violations. (Notice of Removal, ECF No. 1, Ex. A at 35). Plaintiffs allege that because the Defendants' failed to disclose necessary information, Plaintiffs adopted a plan with several flaws. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 35). First, the Plan earns over one million dollars annually by deducting payments from member paychecks but pays the bulk of this money to administrative expenses. (Id. ¶ 53). In addition, the administrative expenses of the Plan in a single year exceed the actual payments made to plan participants over several years. (Id. ¶ 52).

The action was removed to this Court on July 10, 2013. (Notice of Removal, ECF No. 1). On October 18, 2013, Twomey and HPAE filed their Answer to Plaintiffs' Complaint and alleged a counterclaim against Plaintiffs for defamation. (Am. Answer, ECF No. 15, ¶¶ 1-22). This Court entered a Pretrial Scheduling Order on December 3, 2013 which states the fact-discovery period will continue until August 1, 2014, and parties may move to amend their pleadings until April 1, 2014. (Scheduling Order, ECF No. 25). On March 31, 2014, Plaintiffs timely filed this Motion to Amend.[4] (Motion to Amend, ECF No. 34).

---

[3] (Hereinafter "ERISA").
[4] Plaintiffs initially filed their Motion to Amend on February 19, 2014, (ECF No. 34), which included a Second Amended Complaint. (Second Amend. Compl., ECF No. 34-2, at Ex. A). With their Reply Brief, Plaintiffs submitted a Revised Second Amended Complaint which added several additional Plaintiffs, specific factual allegations pertaining to these Plaintiffs, and a few clarifications. (See Proposed Amend. Compl., ECF No. 43-1, at Ex. A, ¶¶ 2-5, 37, 44, 47, 49, 55, 56). For the purposes of this Opinion, all references to Plaintiffs' "Proposed Amended Complaint" will solely refer to the "revised" Second Amended Complaint, (ECF No. 43-1, at Ex. A), unless specified otherwise.

### C. Proposed Amendments

Plaintiffs seek to add an additional count for violating the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §501 (1959), (hereinafter "LMRDA") against Twomey. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 60). According to Plaintiffs' Proposed Amended Complaint, Twomey violated her fiduciary duties by awarding legal contracts to her live-in boyfriend, Richard Loccke (hereinafter "Loccke"), and by failing to disclose the resulting conflict of interest. (Id. ¶¶ 57-66). Loccke's firm, Loccke, Correia, Limsky & Bukosky, performed legal work for HPAE totaling approximately $1.4 million in fees. (Id. ¶¶ 58-59). Plaintiffs assert Twomey awarded almost all of the union's legal work to Loccke's firm on a no-bid basis. (Id. ¶ 61). Plaintiffs further allege that Twomey did not permit HPAE members to examine Loccke's bills. (Id.). Plaintiffs contend that because Twomey and Loccke lived together at the time Loccke's firm was performing legal services for HPAE, legal fees paid to Loccke's firm directly benefited Twomey. (Id. ¶ 58).

Plaintiffs' Proposed Amended Complaint also seeks to add two additional defendants to their breach of fiduciary duty claim under ERISA. Specifically, Plaintiffs' Proposed Amended Complaint seeks to add trustees, Johnson and O'Hearn, to the existing claim against HPAE, the Plan Administrator, Twomey, Slott, and the Plan, for breach of fiduciary duty under ERISA. (Id. ¶ 46-52). While Johnson became a trustee prior to adopting the plan in October of 2006, O'Hearn did not become a trustee until September 15, 2009. (Defs.' Br., ECF No. 39, at Ex. A). Plaintiffs further assert that by breaching their fiduciary duties, Defendants have harmed Plaintiffs because Plaintiffs are part of and still pay into a "flawed" plan. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶¶ 37, 44, 47, 49, 55, 56). Plaintiffs allege that Defendants breached their fiduciary duties by failing to provide information on the specifics of the Plan

4

which precluded HPAE members from making an informed choice when voting for the Plan in October of 2006. (Id. ¶¶ 51, 54). Plaintiffs further allege that Defendants mislead HPAE members to vote for a flawed plan and as a result the Plaintiffs and other Plan enrollees were damaged and will continue to be damaged by the flawed plan. (Id. ¶ 52-54).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 governs motions to amend or supplement proceedings. Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's written consent or the courts leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should be denied. Foman v. Davis, 371 U.S. 178 (1962).

The court may deny leave to amend a pleading when there is: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The court may also deny an amendment based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under

5

Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[5] Citing its opinion in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"-- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[5] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

6

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must plead "sufficient factual matter" to show that the claim is facially plausible. Id. at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50.

## III.   DISCUSSION

**A. Plaintiffs have sufficiently plead a claim for violating the Labor-Management Reporting and Disclosure Act (the "LMRDA"), 29 U.S.C. § 501.[6]**

According to Defendants, Plaintiffs' Proposed Amended Complaint uses "speculative and conclusory" language to allege Twomey violated the LMRDA. (Def.' Br., ECF No. 4-1 at 5-6). In brief, Defendants argue Plaintiffs' Proposed Amended Complaint fails to meet the requirements for "good cause" as required by the LMRDA. (Id. at 10). In order to bring suit under the LMRDA, plan members must seek leave of court "upon certified application and for good cause shown." Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501(b) (1959). Specifically, the Third Circuit has held "good cause" can be determined "from the allegations in a verified complaint." Loretangeli v. Critelli, 853 F.2d 186, 189, 192 (3d Cir. 1988). A court may also apply its discretion to "take all the facts and circumstances into consideration in determining whether 'good cause' has been shown." Purcell v. Keane, 406 F.2d 1195, 1200 (3d Cir. 1969). When determining good cause, a court may not consider "defenses which require the resolution of complex questions of law going to the substance of the case or

---

[6]Defendants' brief fails to articulate a legally valid claim for bad faith. As a result, the Court will not address this issue.

7

which necessitate the determination of a genuine issue of material fact." Loretangeli, 853 F.2d at 192.

Plaintiffs' allegations state sufficient facts to plead a violation of the LMRDA on the grounds of breach of fiduciary duty under §501(a) of the LMRDA. When discussing fiduciary duties, the LMRDA states Labor organizations officers have a duty to hold the organization's "money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder . . . ." Labor-Management Reporting and Disclosure Act, 29 U.S.C. §501(a) (1959). An officer also has the duty to refrain from "holding or acquiring any pecuniary or personal interest which conflicts with the interests of" the organization. Id. According to Plaintiffs' Proposed Amended Complaint, Twomey and Loccke were romantic partners for nearly thirty years. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 58). Furthermore, Plaintiffs claim Twomey and Loccke lived together for several years at the same address. (Id.). While Twomey and Loccke lived together, Twomey, as president of the HPAE, awarded legal contracts to Loccke's firm on a no bid basis. (Id. ¶ 61). Plaintiffs allege because Loccke lived with Twomey while performing legal work for the Plan, the legal fees paid to Loccke's law firm directly benefited Twomey and created a conflict of interest. (Id. ¶ 60).

Furthermore, Plaintiffs' Proposed Amended Complaint sufficiently states that Twomey failed to report her conflict of interest. (Id. ¶ 63). Should a conflict of interest arise, an officer is "to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization." Labor-Management Reporting and Disclosure Act, 29 U.S.C. §501(a) (1959). According to Plaintiffs'

8

allegations, Twomey failed to report her conflict of interest to either HPAE officials, HPAE members, or the Department of Labor. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 63).

Finally, Plaintiffs' Proposed Amended Complaint pleads that Plan officials were aware of but ignored allegations of Twomey's conflict of interest. (Id. ¶ 65). Section 501(b) allows a member to sue an officer when "the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization. . . ." Labor-Management Reporting and Disclosure Act, 29 U.S.C. §501(b) (1959). To determine whether a member sought relief from union officers, courts consider whether the union was aware of the plaintiff's complaints. See Sabolsky v. Budzanoski, 457 F.2d 1245, 1252-53 (3d Cir. 1972). Plaintiffs' Proposed Amended Complaint explains that Fonti sent a letter to Plan officials in 2008 regarding Twomey's failure to disclose her conflict of interest. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 64). Fonti also publicized these allegations on her website which Plan administrators and HPAE members could freely access. (Id. ¶ 65). Plaintiffs allege that despite being on notice of Twomey's alleged conflict of interest, the Defendants failed to investigate Plaintiffs' claims. (Id.). Based on the allegations above, Plaintiffs' Proposed Amended Complaint has plead sufficient facts to show that Twomey breached her fiduciary duties, Twomey's failure to report that breach, and a failure of HPAE officials to investigate Plaintiffs' allegations against Twomey. This constitutes good cause pursuant to the LMRDA § 501(b). Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501(b) (1959).

In addition to arguing a failure to show good cause, Defendants claim that Plaintiffs' LMRDA claim against Twomey is in effect an entirely new complaint which would be

9

prejudicial as it would require Defendants expend significant additional resources. (Defs.' Br., ECF No. 40-1 at 7-8). Defendants have not shown Plaintiffs' Proposed Amended Complaint would be an undue delay or prejudicial. A delay can be considered "undue" when it places an unwarranted burden on the court or the opposing party. See Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984) (citing Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir. 1982); Tefft v. Seward, 698 F.2d 637, 639 (6th Cir. 1982)). Courts have also found that delay alone is insufficient grounds to deny an amended complaint. See Smith v. Honeywell Intern., Inc., No. 10-CV-03345, 2014 WL 301031, at *8 (D.N.J. Jan. 27, 2014). A court may only deny an amended complaint when the non-moving party is prejudiced by the delay. Id.

Prejudice to the non-moving party is the "touchstone for the denial of [an] amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Cornell & Co., Inc. v. Occupational Health and Saftey Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). To justify the denial of a motion to amend a pleading, the asserted prejudice must establish that the amendment unfairly disadvantages or deprives the non-moving party of the opportunity to present facts or evidence which it would have offered. Philips v. Borough of Keyport, 179 F.R.D. 140, 145 (D.N.J. 1998); Volias v. General Motors Corp., 173 F.R.D. 389, 396 (D.N.J. 1997). Plaintiffs' Motion to Amend was timely filed, and as a result, Twomey still has adequate time to find and present evidence to challenge Plaintiffs' claim. Defendants themselves even concede that "no significant fact discovery has been exchanged. . . ." (Defs.' Br., ECF No. 40-1 at 8). Twomey will not be disadvantaged by allowing the claim to proceed as the fact discovery has not yet concluded.

### B. The addition of O'Hearn to the Claim for violating ERISA is not futile.[7]

Defendants argue that Plaintiffs' claim against O'Hearn is futile because O'Hearn became a trustee of the Plan after the Plan's ratification. (Defs.' Reply Br., ECF No. 46 at 2-4). However, Plaintiffs' claim is not affected by when O'Hearn became a trustee. While O'Hearn became a trustee after the adoption of the Plan, the Proposed Amended Complaint alleges O'Hearn is part of an <u>ongoing</u> breach of fiduciary duty. Due to all parties referencing the Plan in the present tense, the Court will assume that the Plan is still in existence. (<u>See, e.g.</u>, Proposed Amend. Compl., ECF No. 43-1, at Ex. A, ¶ 8) ("Defendant Plan <u>is</u> located at . . ."). The Proposed Amended Complaint claims O'Hearn, Slott, Johnson, and Twomey all actively mislead Plaintiffs and Plan members into investing in a flawed plan by failing to provide information regarding the Plan's benefits and member contributions during the Plan's existence. (<u>Id.</u> ¶ 37, 44, 49). Therefore, Plaintiffs' claim is not affected by <u>when</u> O'Hearn became a trustee, but rather the mere fact that she is a current trustee is sufficient for her to be part of an <u>ongoing</u> breach of fiduciary duty.

Defendants also contend Plaintiffs' Proposed Amended Complaint fails to sufficiently state a claim for breach of fiduciary duty against O'Hearn. (Defs.' Reply Br., ECF No. 46 at 2-4). According to 29 U.S.C. § 1132, administrators have a duty to supply information to health plan members regarding the specific rights afforded under the plan. <u>See</u> Employment Retirement Income Security Act, 29 U.S.C.A. §1132(c) (West 2014). The statutory source of fiduciary obligation is ERISA § 404, which requires, among other things, that the fiduciary discharge its duties according to the "prudent man" standard. Employment Retirement Income Security Act, 29 U.S.C.A. § 1104(a)(1)(B) (West 2014). The Third Circuit has held that this standard

---

[7] The Court does not address the factors of bad faith, undue delay, or undue prejudice because Defendants do not raise these factors in their brief.

encompasses a duty to provide certain information but that such duty is limited to disclosure of "those material facts, known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection." Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Secs., 93 F.3d 1171, 1182 (3d Cir. 1996). The test of materiality inquires whether there is a substantial likelihood that the omission of the information "would mislead a reasonable employee in making an adequately informed decision." Jordan v. Fed. Express Corp., 116 F.3d 1005, 1015 (3d Cir. 1997).

Defendants have failed to show adding O'Hearn to the claim for breach of fiduciary duty under ERISA is futile. Plaintiffs have alleged, and Defendants do not contest, that all Plaintiffs are members of the Plan. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶¶ 1-5). Plaintiffs argue that the Defendants furnished information about the Plan which was vague and did not clearly state the benefits the Plan would provide. (Id. ¶¶ 26, 37). Although O'Hearn became a trustee of the Plan in 2008, Plaintiffs' Proposed Amended Complaint alleges Defendants, including O'Hearn, failed to provide Plan members with a more accurate description of the Plan to supplement the insufficient description published before its adoption in 2006. (Id. ¶ 41). Because of Defendants failure to provide necessary information pursuant to 29 U.S.C. §1132(c), Plaintiffs claim that they have suffered and will continue to suffer harm as participants in a flawed plan. (Id. ¶¶ 45, 54). Based on these allegations, the Plaintiffs allege the Defendants failed to provide materially important information. Further, the Proposed Amended Complaint sufficiently claims that Defendants' breach mislead HPAE members to support a flawed plan in violation of ERISA.

### C. The addition of Johnson to the claim for violating the ERISA is not futile.[8]

Defendants' brief argues against the addition of Johnson for the same reasons it argued against the addition of O'Hearn. Neither side disputes that Johnson was a trustee prior to the adoption of the Plan. Plaintiffs' primary claim is that the trustees of the Plan failed to provide required information about the proposed Plan to union members prior to and immediately after its adoption. (Proposed Amend. Compl., ECF No. 43-1, Ex. A, ¶ 55). These charges are also the same charges Plaintiffs have leveled against the Plan, the Plan Administrator, HPAE, Twomey, and Slott. (Id. ¶¶ 43, 47). Notably, no party in this case has argued the futility of these claims against these Defendants. Plaintiffs' addition of Johnson is not futile.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend, (ECF No. 34), is **GRANTED**.

SO ORDERED

Joseph A. Dickson, U.S.M.J.

cc:   Hon. Esther Salas, U.S.D.J.

---

[8] Again the Court only addresses the factor of futility as it is the only factor argued in the Defendants' brief.

13